`AARON GOULD & another *vs.* CHARLES L. BUGBEE & another.

Under a lease of land and water power, with a canal to be completed by the lessor before a certain date, to certain persons, "their heirs and assigns, upon payment by them of a monthly rent of eighteen dollars and thirty three cents, at the expiration of each and every month, for and during as long as the lessor shall continue to keep the canal in good repair, and the lessees shall continue to pay said monthly rent as above stated," the rent to commence when the lessor shall have completed the canal; and containing also a covenant by the lessor for quiet possession "during a perpetual lease," and covenants by the lessees to pay the rent so long as they shall hold the premises "as aforesaid," and "that all buildings and fixtures which the lessees shall erect shall be and remain as security to the lessor for such rent until all arrears are paid;" a failure to pay rent due and demanded will authorize the lessor to enter and terminate the lease, and to maintain an action against the lessee for the subsequent use of the estate.

This clause in a lease of land and water power is a covenant, and not a condition: "It being understood and agreed that the lessees, their heirs and assigns, are not to make any waste of the water, or suffer any to be made through their carelessness or negligence."

ACTION OF TORT for breaking and entering the plaintiffs' close, bounding on Swift River in Belchertown, and the dam across said river, and the bulkhead, gates and canals connected therewith, and digging up the soil, and occupying and using the premises and the water of the river, belonging to the plaintiffs, from the 1st of February 1854 to the date of this writ.

Answer, that all the acts of the defendants were within the rights acquired by them under an indenture of lease of the premises, made on the 10th of May 1852 by the plaintiffs, Aaron Gould and Emilius Bond, to Charles L. Bugbee and James K. Bolton, (whose rights had been duly assigned to the defendants;) that the plaintiffs had not, as stipulated in that indenture, let the water into the canal and ready for use, nor built and kept in repair a good and sufficient canal bulkhead, with suitable gates to discharge the water; and that the defendants had always been ready and offered to pay rent according to the terms of the lease, but the plaintiffs had refused to receive it.

By that indenture Gould and Bond "let, demise and lease unto the said Bugbee and Bolton" the close described in the declaration, "and also so much water from the pond above

on said river, as shall at all times be sufficient" to carry a paper mill of certain dimensions, "together with the right and privilege of digging wheelpits, canal and sluices, and making all necessary improvements upon said land. And the said Gould and Bond agree to make and construct a good and sufficient canal, of proper dimensions and form, to conduct and carry said waters from said pond along the bank of said river about eleven rods, to a point opposite the white oak tree on the bank of the river, and to build thereon a good and sufficient bulkhead, with suitable gates to discharge the waters aforesaid; and to have the canal, bulkhead and gates all finished and completed and ready for the use of said Bugbee and Bolton by the first day of October next, or to pay them all the damage they shall sustain for want of the same after that time. And also the said Gould and Bond do hereby let, demise and lease to them the said Bugbee and Bolton the said canal, bulkhead and gates, with the right and privilege of entering upon the same, and land about the same, so far as may be necessary conveniently to occupy, take care of, and keep the same in repair, from and after the first day of October next; and the right and privilege of making a sufficient canal and works, and maintaining the same, and thereby taking said waters from said canal, to be made by said Gould and Bond as aforesaid, and carrying the same to the paper mill to be built by the said Bugbee and Bolton as aforesaid. To have and to hold the above demised premises, with the privileges and appurtenances, to them the said Bugbee and Bolton, their heirs and assigns, upon payment by them of a monthly rent of eighteen dollars and thirty three cents per month, at the expiration of each and every month, for and during as long as the said Gould and Bond shall continue to keep their part of the canal, bulkhead and gates in good repair, and said Bugbee and Bolton shall continue to pay said monthly rent as above stated. It being agreed and understood, it is to commence from and after the time when the said Gould and Bond shall have completed the said canal and works to be built as aforesaid, ready for the use of said Bugbee and Bolton; and that said Bugbee and Bolton are to have possession of said tract of land from the

date hereof; and that the said Bugbee and Bolton, their heirs and assigns, are not to make any waste of the water, or suffer any to be made through their carelessness or negligence; but are to keep their part of the canal and works in good repair, so as not to damage the said Gould and Bond. And we, the said Gould and Bond, hereby covenant with the said Bugbee and Bolton, their heirs and assigns, that said premises are free from all incumbrance, that we have good right to let the same to them as aforesaid, and that they, their heirs and assigns, shall have and hold peaceable and quiet possession of the same during a perpetual lease; and if the said Bugbee and Bolton shall wish to manufacture or make any other article except wrapping paper, they shall have a privilege so to do, providing they do not draw any more water than heretofore stated. And we, the said Bugbee and Bolton, in consideration of the premises, hereby agree and covenant with the said Gould and Bond, their heirs and assigns, that we will take and hold said premises, and pay them a monthly rent of eighteen dollars and thirty three cents per month, at the expiration of each and every month, so long as we, or our heirs or assigns, shall hold the same as aforesaid; rent to commence from and after the time when said canal and other works to be made by said Gould and Bond shall be completed and ready for use, but not before; and we furthermore covenant that we will pay all taxes assessed on said premises; and that all buildings and fixtures which we shall erect shall be and remain as security to said Gould and Bond, or their legal representatives, for such rent, until all arrears are paid."

At the trial in the court of common pleas, the defendants proved the execution of the lease and the assignments thereof. And it was in evidence that Bugbee and Bolton took possession of the premises about the middle of November 1852; that the canal was finished at that time; and that they and their assigns had occupied the premises ever since.

The plaintiffs also offered to prove that in January 1853 they demanded of the lessees payment of rent, but the lessees neglected and refused to pay; that the defendants habitually wasted the water, and used much more than was necessary; and that

in May 1853 the plaintiffs entered upon the premises, and gave notice to the defendants that the lease was terminated on account of the neglect to pay rent and the waste of the water But *Bishop*, J. ruled that the action could not be maintained, even if such facts were proved ; and directed a verdict for the lefendants, which was returned, and the plaintiffs excepted.

*R. A. Chapman*, for the plaintiffs. On the neglect or refusal to pay rent, the lease expired by its own terms. It was only a lease at will, because it had no certain termination. Shep. Touchst. 272. 2 Bl. Com. 143. An action of tort lies for the occupation after an entry ; and also for the excessive use of water before entry. *Dorrell* v. *Johnson*, 17 Pick. 263. *Danforth* v. *Sargeant*, 14 Mass. 491.

*C. P. Huntington & C. W. Huntington*, for the defendants. The indenture does not create a lease for years, but in fee ; as appears from the use of the words " heirs and assigns " and " perpetual lease." To hold the lease forfeited by a single instance of failure to pay the trifling sum of $18.33, would be inconsistent with the provision for expenditures by the lessees upon the land before the rent begins to run ; with the practical construction given by the plaintiffs, who neither built their canal within the time stipulated, nor demanded rent at. the expiration of the first month after possession taken ; with the covenant of the grantees to pay rent so long as they shall " hold as aforesaid," that is, by a perpetual lease, and not merely until forfeiture on condition broken ; and with the pledge of all buildings and fixtures erected by the defendants, as security for the payment of the rent. The words in the habendum must therefore be construed as a mere stipulation or covenant to pay rent. The words " for and during as long as," in that part of the lease, apply to the time during which the lessees shall keep the works in repair, and merely limit the payment of rent to that time.

No appropriate words of condition or conditional limitation are used. In case of doubt, a clause should rather be construed as a covenant, than as a condition. Prest. Estates, 45, 48. *Fifty Associates* v. *Howland*, 11 Met. 99. *Wheeler* v. *Dascomb*, 3 Cush. 285. Conditions so penned that they are insensible

Gould & another *v.* Bugbee & another.

and altogether uncertain are void. Shep. Touchst. 128. Such as tend to defeat an estate are not to be extended beyond their words. *Ludlow* v. *New York & Harlem Railroad,* 12 Barb. 440. *Wheeler* v. *Dascomb,* 3 Cush. 285. In cases of estates of freehold, the most precise and formal words are requisite to constitute a condition. Shep. Touchst. 122, 124, 153, 154. Com. Dig. Condition, A. 2.

If the clause for payment of rent is a condition, this court have authority, whatever the form of action, to stay proceedings on payment of rent or moneys due and interest. *Atkins* v. *Chilson,* 11 Met. 112. *Sanborn* v. *Woodman,* 5 Cush. 36.

The clause concerning waste of water is not a condition, but a mere covenant. It would not be technical or legal waste to work a forfeiture; no lasting damage being done to the freehold, or to houses, timber, land or the inheritance. 2 Bl. Com. 281. And the plaintiffs have a remedy in their own hands; for they may so construct and maintain the canal and bulkhead as not to transmit more than a limited quantity of water.

THOMAS, J. The evidence offered by the plaintiffs, to show when the canal and other works were completed; to show the failure to pay the rent, according to the lease, after such completion; to prove the entry upon the premises by the plaintiffs, for such failure to pay rent and for a forfeiture, should have been admitted. For, though the defendants were relievable in equity, the proof of the facts before stated would enable the plaintiffs to maintain an action at law for damages for using the estate, and for waste of water after such default by defendants and entry of the plaintiffs.

The provision as to waste, in the indenture, is a covenant and not a condition. For any waste before the entry, the plaintiffs must rely upon their covenants; for waste after such entry damages may be recovered in this suit.

*Exceptions sustained.*